**1622-CC01046**

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
## ST. LOUIS CITY

| | |
|---|---|
| **ROBERT WILCOX, Individually,** | |
| **and** | **Case No.** |
| **DAVID ADKINS, Individually,** | |
| **and** | |
| **JANET ADKIRSON, Individually and as Representative of the Estate of John Glandt, Deceased,** | **JURY TRIAL DEMANDED** |
| **and** | |
| **NANCY ANKERMAN, Individually,** | |
| **and** | |
| **JOANN ARNDT, Individually,** | |
| **and** | |
| **NANCY BAGWELL, Individually,** | |
| **and** | |
| **DEREK BAILEY, Individually,** | |
| **and** | |
| **LEEANN BEASLEY, Individually and as Representative of the Estate of Rosie Wilcox, Deceased,** | |
| **and** | |
| **LINDA BEAUCHENE, Individually,** | |
| **and** | |
| **LINDA MAE BIRCHEAT, Individually,** | |
| **and** | |
| **ANNA LOU BLACKBURN, Individually,** | |
| **and** | |
| **ROBIN BOTTS, Individually and as Representative of the Estate of Edna Shaffer, Deceased,** | |
| **and** | |
| **LINDA BROUGHTON, Individually,** | |
| **and** | |

**EXHIBIT A**

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

**JOSABELL BROWN, Individually,**

**and**

**LONNEL BROWN, Individually**

**and**

**PEGGY BROWN, Individually and as Representative of the Estate of Lee Albert Brown, Deceased,**

**and**

**RUTH BURGESS, Individually,**

**and**

**SANDRA CAMPBELL, Individually,**

**and**

**FLORENCE WHITEMAN CASCIA, Individually,**

**and**

**LARRY RANDELL CHAPMAN, Individually,**

**and**

**MARK CHEMAY, Individually and as Representative of the Estate of Karen Chemay, Deceased,**

**and**

**FLORA CHUCUDDY, Individually,**

**and**

**VICTOR COOK, Individually,**

**and**

**ROBERT E. CRICHTON, Individually,**

**and**

**SINTHA CRYER, Individually,**

**and**

**ALEXANDER DAVIDOFF, Individually,**

**and**

**HELEN DAVIS, Individually and as Representative of the Estate of Ruby Clyde Baker, Deceased,**

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

and

**LINDA DAVIS, Individually,**

and

**LOUIS LEE DEDMON, Individually,**

and

**GEORGE THOMAS DUDMAN, JR., Individually,**

and

**ELLEN FAITH, Individually,**

and

**ELIZABETH FENNER, Individually,**

and

**JANE FERRIE, Individually,**

and

**JAMES FOSTER, Individually,**

and

**STACY MARIE FRAZIER, as the Executrix of the Estate of Anna Mae Conley, Deceased,**

and

**JOHN GAMBA, Individually,**

and

**ARTHUR GARRIS, Individually,**

and

**STEVEN ANTHONY GATTUSO, Individually,**

and

**CATHY JANE GOFF, Individually,**

and

**JUDY GUSSMAN, Individually and as Representative of the Estate of Arnold J. Gussman, Sr., Deceased,**

and

**CHARLES HALL, Individually,**

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

and

**ELIZABETH P. HARDER, Individually and as Representative of the Estate of Jerry Harder, Deceased,**

and

**GERALDINE HARRELL, Individually,**

and

**HAROLD HARZE, Individually,**

and

**MARVIN H. HAVEN, Individually and as Representative of the Estate of Elizabeth Rose Haven, Deceased,**

and

**SUE HAYES, Individually,**

and

**SYBIL HAYES, Individually,**

and

**FRANKLIN HENRY, Individually,**

and

**JUDITH E. HUNGATE, Individually and as Representative of the Estate of James A. Hungate, Deceased,**

and

**HASTON LONG, Individually,**

and

**RUTH MARIE MAJOVSKY, Individually,**

and

**RENEE MASON, Individually,**

and

**LESTER EUGENE MATUZEK, Individually,**

and

**EDDIE RAY MCCRARY, Individually,**

and

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

**JANET MCGEE, Individually,**

**and**

**PEGGY ARLENE MILES, Individually,**

**and**

**LOREN MILLER, Individually,**

**and**

**JAMES MATTHEW MORANT, Individually,**

**GRACE MORRELL, Individually and as Representative of the Estate of Jack H. Morrell, Deceased,**

**and**

**CHRISTINA MOSES, Individually and as Representative of the Estate of Arthur D. Evarts, Deceased,**

**and**

**MARGARET MULVEY, Individually,**

**and**

**KATHRYN D. NARD, Individually and as Representative of the Estate of Thomas Alan Nard, Deceased,**

**and**

**RICHARD NETZEL, Individually,**

**and**

**HAZEL I. OLSON, Individually and as Representative of the Estate of Emmett Lester Olson, Deceased,**

**and**

**GAY PIERCE, Individually,**

**and**

**DAVID WILLIAM PIERI, Individually,**

**and**

**JACK WAYNE PRESCOTT, Individually,**

**and**

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

**RAYFORD PRESLEY, Individually,**

and

**CAROL PURTZ, Individually,**

and

**THOMAS J. QUIGLEY, Individually,**

and

**MARIANNA RHEA, Individually,**

and

**JOHN ARTHUR RICHEY, Individually,**

and

**GEORGE RIEGERT, Individually,**

and

**PEGGY ROACH, Individually and as Representative of the Estate of Raymond L. Roach, Deceased,**

and

**CLARA ROBINSON, Individually,**

and

**MICHAEL BERNARD RONEY, Individually,**

and

**JOHN BERRUL ROSE, JR., Individually,**

and

**CAROLINE ROWLAND, Individually,**

and

**BARBARA KAY SEIDL, Individually,**

and

**BEVERLY SMITH, Individually,**

and

**CATHERINE R. SPINNER, Individually,**

and

**AMY SUTTON, Individually and as Representative of the Estate of Kike Willis, Deceased,**

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

and

**MARY J. SUTTON, Individually and as Representative of the Estate of Richard Daniel Sutton, Deceased,**

and

**BARBARA ANN TATAR, Individually,**

and

**VIRGIL DEAN TURNER, Individually,**

and

**DOROTHY JEAN UNDERWOOD, Individually,**

and

**MARK WAINWRIGHT, Individually,**

and

**MARY L. WEBB, Individually,**

and

**PAUL WILLIAMS, Individually,**

and

**ERNESTINE POPE WILLIAMS, Individually,**

and

**ALEXANDER WILLIAMS, Individually,**

and

**BARBARA WILSON, Individually and as Representative of the Estate of Harold L. Wilson, Deceased,**

**Plaintiffs,**

**v.**

**BOEHRINGER INGELHEIM PHARMACEUTICALS INC., and**

**Serve: Registered Agent**
       **CT Corporation System**
       **120 South Central Ave**
       **Clayton, MO 63105**

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

**BOEHRINGER INGELHEIM
INTERNATIONAL GMBH,**

**Serve: Principal Place of Business
         Binger Strasse 173
         55216 Ingelheim am Rhein
         Germany**

                         **Defendants.**

## PETITION

COME NOW Plaintiffs, by and through their undersigned attorneys, and hereby bring this action against the Defendants, Boehringer Ingelheim Pharmaceuticals, Inc. and Boehringer Ingelheim International GmbH, as follows:

## NATURE OF THE ACTION

1.   Pradaxa® (dabigatran etexilate) is an oral anticoagulant, approved by the FDA in October 2010 as a direct thrombin inhibitor indicated to reduce the risk of stroke and systemic embolism in adults with non-valvular atrial.

2.   Defendants directly or through their agents, apparent agents, servants or employees designed, manufactured, marketed, advertised, distributed, promoted, labeled, tested and sold Pradaxa® as an oral anticoagulation medication indicated to reduce the risk of stroke and systemic embolism in adults with non-valvular atrial fibrillation.

3.   The Defendants' marketing and informational materials represented that atrial fibrillation is the most common heart rhythm condition in the world, with one in four (4) adults over the age of 40 developing the condition in their life time.

4.    Atrial fibrillation is a type of irregular heartbeat that occurs when one or both of the upper chambers of the heart, called the atria, function in an erratic manner.

5.   The evidence will establish that even though atrial fibrillation is not a life-threatening condition, it can in certain circumstances have serious and/or fatal consequences.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

6.  The evidence will establish, and Defendants agree, that clotting in patients with atrial fibrillation occurs more frequently than in the general population. If left untreated according to Defendants, patients with atrial fibrillation have a five-fold (5) increased risk of stroke when compared to people without atrial fibrillation. Up to three (3) million people worldwide suffer strokes related to atrial fibrillation each year. Strokes due to atrial fibrillation tend to be severe, with an increased likelihood of death and disability.

7.  Pradaxa® is claimed by Defendants to be the solution to the clotting problem in adults with atrial fibrillation.  Specifically, Defendants claim that many atrial fibrillation-related strokes can be prevented with appropriate medicinal therapy.  For this, substances are used which act on the blood clotting system and shall prevent blood clots from forming.

8.  Before Pradaxa®, atrial fibrillation patients have been treated with Coumadin, a well-known oral anticoagulant that has been on the market for over 50 years. While there are certain problems associated with the use of Coumadin, many of the side effects can be addressed through monitoring and the administration of Vitamin K to minimize any problems associated with bleeding. Such is not the case with Pradaxa®, which was intensely promoted to doctors as a drug that does not require regular monitoring.

9.  Pradaxa® is an oral anticoagulant and is a direct thrombin inhibitor, also known as DTI.

10. Pradaxa® is not safer than Coumadin. While offering some level of convenience, from a safety perspective as compared to Coumadin, its risks greatly exceed any such convenience, which was the basic component in Defendants' marketing launch.

11. The evidence will establish that Pradaxa® sales increased rapidly after its launch in 2010, as did the FDA Serious Adverse Event Reports associated with its use.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

12.    Pradaxa®, because of its marketing and design defects, puts patients at an increased risk for developing life threatening bleeds.

13.    The evidence will establish that by November of 2010, there were at least 260 fatal bleeding events reported in patients taking Pradaxa®. At the time of the filing of this complaint, Pradaxa has the number one cause of adverse events reported to the FDA.

14.    As a result of Defendants' actions, Plaintiffs and their physicians were unaware and could not have reasonably known or learned through reasonable diligence, that Plaintiffs would be exposed to the risks identified in this Complaint.  The increased risks and subsequent medical damages associated with Plaintiffs' Pradaxa® use were the direct and proximate result of Defendants' conduct.

## PARTIES

### PLAINTIFFS:

15.    Plaintiff Robert Douglas Wilcox is a natural person. At all times relevant hereto, Plaintiff Robert Douglas Wilcox was and is a resident and citizen of the State of North Carolina.

16.    Plaintiff David Adkins is a natural person. At all times relevant hereto, Plaintiff David Adkins was and is a resident and citizen of the State of Kentucky.

17.    Plaintiff Janet Adkirson is the sister of John Glandt, deceased, and the Representative of the Estate of John Glandt, deceased, and brings this action for individual claims, including the claims for the wrongful death of John Glandt and the claims of the estate. At all times relevant hereto, Plaintiff Janet Adkirson and Decedent John Glandt were residents and citizens of the State of Missouri.

18.   Plaintiff Nancy J. Ankerman is a natural person. At all times relevant hereto, Plaintiff Nancy J. Ankerman was and is a resident and citizen of the State of Indiana.

19.   Plaintiff JoAnn Arndt is a natural person. At all times relevant hereto, Plaintiff JoAnn Arndt was and is a resident and citizen of the State of Connecticut.

20.   Plaintiff Nancy Bagwell is a natural person. At all times relevant hereto, Plaintiff Nancy Bagwell was and is a resident and citizen of the State of South Carolina.

21.   Plaintiff Derek Bailey is a natural person. At all times relevant hereto, Plaintiff Derek Bailey was and is a resident and citizen of the State of Massachusetts.

22.   Plaintiff LeeAnn Beasley is the surviving daughter of Rosie Wilcox deceased, and the Representative of the Estate of Rosie Wilcox, deceased, and brings this action for individual claims, including the claims for the injuries of Rosie Wilcox and the claims of the estate. At all times relevant hereto, Plaintiff LeeAnn Beasley and Decedent Rosie Wilcox were residents and citizens of the State of Idaho.

23.   Plaintiff Linda Beauchene is a natural person. At all times relevant hereto, Plaintiff Linda Beauchene was and is a resident and citizen of the State of Florida.

24.   Plaintiff Linda Mae Bircheat is a natural person. At all times relevant hereto, Plaintiff Linda Mae Bircheat was and is a resident and citizen of the State of Alabama.

25.   Plaintiff Anna Lou Blackburn is a natural person. At all times relevant hereto, Plaintiff Anna Lou Blackburn was and is a resident and citizen of the State of Kentucky.

26.   Plaintiff Robin Botts is the surviving daughter of Edna Shaffer, deceased, and the Representative of the Estate of Edna Shaffer, deceased, and brings this action for individual claims, including the claims for the wrongful death of Edna Shaffer and the

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

claims of the estate. At all times relevant hereto, Plaintiff Robin Botts and Edna Shafer were residents and citizens of the State of Indiana.

27.    Plaintiff Linda Broughton is a natural person. At all times relevant hereto, Plaintiff Linda Broughton was and is a resident and citizen of the State of Alabama.

28.    Plaintiff Josabell Brown is a natural person. At all times relevant hereto, Plaintiff Josabell Brown was and is a resident and citizen of the State of South Carolina.

29.    Plaintiff Lonnel Brown is a natural person. At all times relevant hereto, Plaintiff Lonnel Brown was and is a resident and citizen of the State of Missouri.

30.    Plaintiff Peggy Brown is the surviving spouse of Lee Albert Brown, deceased, and the Representative of the Estate of Lee Albert Brown, deceased, and brings this action for individual claims, including the claims for the wrongful death of Lee Albert Brown and the claims of the estate. At all times relevant hereto, Plaintiff Peggy Brown and Decedent Lee Albert Brown were residents and citizens of the State of West Virginia.

31.    Plaintiff Ruth Burgess is a natural person. At all times relevant hereto, Plaintiff Ruth Burgess was and is a resident and citizen of the State of Illinois.

32.    Plaintiff Sandra L. Campbell is a natural person. At all times relevant hereto, Plaintiff Sandra L. Campbell was and is a resident and citizen of the State of Iowa.

33.    Plaintiff Florence Whiteman Cascia is a natural person. At all times relevant hereto, Plaintiff Florence Whiteman Cascia was and is a resident and citizen of the State of Connecticut.

34.    Plaintiff Larry Randell Chapman is a natural person. At all times relevant hereto, Plaintiff Larry Randell Chapman was and is a resident and citizen of the State of Alabama.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

35.    Plaintiff Mark T. Chemay is the surviving spouse of Karen Chemay, deceased, and the Representative of the Estate of Karen Chemay, deceased, and brings this action for individual claims, including the claims for the wrongful death of Karen Chemay and the claims of the estate. At all times relevant hereto, Plaintiff Mark T. Chemay and Decedent Karen Chemay were residents and citizens of the State of Louisiana.

36.    Plaintiff Flora Chucuddy is a natural person. At all times relevant hereto, Plaintiff Flora Chucuddy was and is a resident and citizen of the State of Pennsylvania.

37.    Plaintiff Victor Cook is a natural person. At all times relevant hereto, Plaintiff Victor Cook was and is a resident and citizen of the State of Oregon.

38.    Plaintiff Robert E. Crichton is a natural person. At all times relevant hereto, Plaintiff Robert E. Crichton was and is a resident and citizen of the State of Washington.

39.    Plaintiff Sintha Cryer is a natural person. At all times relevant hereto, Plaintiff Sintha Cryer was and is a resident and citizen of the State of Louisiana.

40.    Plaintiff Alexander Davidoff is a natural person. At all times relevant hereto, Plaintiff Alexander Davidoff was and is a resident and citizen of the State of Florida.

41.    Plaintiff Helen Davis is the daughter of Ruby Clyde Baker, deceased, and the Representative of the Estate of Ruby Clyde Baker, deceased, and brings this action for individual claims, including the claims for the wrongful death of Ruby Clyde Baker and the claims of the estate. At all times relevant hereto, Plaintiff Helen Davis and Decedent Ruby Clyde Baker were residents and citizens of the State of Georgia.

42.    Plaintiff Linda Davis is a natural person. At all times relevant hereto, Plaintiff Linda Davis was and is a resident and citizen of the State of Pennsylvania.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

43.    Plaintiff Louis Lee Dedmon is a natural person. At all times relevant hereto, Plaintiff Louis Lee Dedmon was and is a resident and citizen of the State of Tennessee.

44.    Plaintiff George Thomas Dudman, Jr. is a natural person. At all times relevant hereto, Plaintiff George Thomas Dudman, Jr. was and is a resident and citizen of the State of Florida.

45.    Plaintiff Ellen Faith is a natural person. At all times relevant hereto, Plaintiff Ellen Faith was and is a resident and citizen of the State of Georgia.

46.    Plaintiff Elizabeth Fenner is a natural person. At all times relevant hereto, Plaintiff Elizabeth Fenner was and is a resident and citizen of the State of Illinois.

47.    Plaintiff Jane Ferrie is a natural person. At all times relevant hereto, Plaintiff Jane Ferrie was and is a resident and citizen of the State of New York.

48.    Plaintiff James Foster is a natural person. At all times relevant hereto, Plaintiff James Foster was and is a resident and citizen of the State of Florida.

49.    Plaintiff Stacy Marie Frazier is the Executrix of the Estate of Anna Mae Conley, deceased, and brings this action for the individual claims of the Estate of Anna Mae Conley, deceased. At all times relevant hereto, Plaintiff Stacy Marie Frazier and Decedent Anna Mae Conley were residents and citizens of the State of Ohio.

50.    Plaintiff John Gamba is a natural person. At all times relevant hereto, Plaintiff John Gamba was and is a resident and citizen of the State of New York.

51.    Plaintiff Arthur Garris is a natural person. At all times relevant hereto, Plaintiff Arthur Garris was and is a resident and citizen of the State of Pennsylvania.

52.     Plaintiff Steven Anthony Gattuso is a natural person. At all times relevant hereto, Plaintiff Steven Anthony Gattuso was and is a resident and citizen of the State of Pennsylvania.

53.     Plaintiff Cathy Jane Goff is a natural person. At all times relevant hereto, Plaintiff Cathy Jane Goff was and is a resident and citizen of the State of Tennessee.

54.     Plaintiff Judy Gussman is the surviving spouse of Arnold J. Gussman Sr., deceased, and the Representative of the Estate of Arnold J. Gussman Sr., deceased, and brings this action for individual claims, including the claims for the injuries and wrongful death of Arnold J. Gussman Sr. and the claims of the estate. At all times relevant hereto, Plaintiff Judy Gussman and Decedent Arnold Gussman Sr. were residents and citizens of the State of Louisiana.

55.     Plaintiff Charles Hall is a natural person. At all times relevant hereto, Plaintiff Charles Hall was and is a resident and citizen of the State of Arkansas.

56.     Plaintiff Elizabeth P. Harder is the surviving spouse of Jerry Harder, deceased, and the Representative of the Estate of Jerry Harder, deceased, and brings this action for individual claims, including the claims for the wrongful death of Jerry Harder and the claims of the estate. At all times relevant hereto, Plaintiff Elizabeth P. Harder and Decedent Jerry Harder were residents and citizens of the State of Illinois.

57.     Plaintiff Geraldine Harrell is a natural person. At all times relevant hereto, Plaintiff Geraldine Harrell was and is a resident and citizen of the State of North Carolina.

58.     Plaintiff Harold Harze is a natural person. At all times relevant hereto, Plaintiff Harold Harze was and is a resident and citizen of the State of Georgia.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

59.     Plaintiff Marvin H. Haven is the surviving spouse of Elizabeth Rose Haven, deceased, and the Representative of the Estate of Elizabeth Rose Haven, deceased, and brings this action for individual claims, including the claims for the wrongful death of Elizabeth Rose Haven and the claims of the estate. At all times relevant hereto, Plaintiff Marvin H. Haven and Decedent Elizabeth Rose Haven were residents and citizens of the State of Georgia.

60.     Plaintiff Sue Hayes is a natural person. At all times relevant hereto, Plaintiff Sue Hayes was and is a resident and citizen of the State of South Carolina.

61.     Plaintiff Sybil Hayes is a natural person. At all times relevant hereto, Plaintiff Sybil Hayes was and is a resident and citizen of the State of Texas.

62.     Plaintiff Franklin Henry is a natural person. At all times relevant hereto, Plaintiff Franklin Henry was and is a resident and citizen of the State of Georgia.

63.     Plaintiff Judith E. Hungate is the surviving spouse of James A. Hungate, deceased, and the Representative of the Estate of James A. Hungate, deceased, and brings this action for individual claims, including the claims for the wrongful death of James A. Hungate and the claims of the estate. At all times relevant hereto, Plaintiff Judith E. Hungate and Decedent James A. Hungate were residents and citizens of the State of Georgia.

64.     Plaintiff Haston Long is a natural person. At all times relevant hereto, Plaintiff Haston Long was and is a resident and citizen of the State of Florida.

65.     Plaintiff Ruth Marie Majovsky is a natural person. At all times relevant hereto, Plaintiff Ruth Marie Majovsky was and is a resident and citizen of the State of Nevada.

66.     Plaintiff Renee Mason is a natural person. At all times relevant hereto, Plaintiff Renee Mason was and is a resident and citizen of the State of Maryland.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

67.    Plaintiff Lester Eugene Matuzek is a natural person. At all times relevant hereto, Plaintiff Lester Eugene Matuzek was and is a resident and citizen of the State of Arizona.

68.    Plaintiff Eddie Ray McCrary is a natural person. At all times relevant hereto, Plaintiff Eddie Ray McCrary was and is a resident and citizen of the State of Alabama.

69.    Plaintiff Janet McGee is a natural person. At all times relevant hereto, Plaintiff Janet McGee was and is a resident and citizen of the State of Kentucky.

70.    Plaintiff Peggy Arlene Miles is a natural person. At all times relevant hereto, Plaintiff Peggy Arlene Miles was and is a resident and citizen of the State of Missouri.

71.    Plaintiff Loren Miller is a natural person. At all times relevant hereto, Plaintiff Loren Miller was and is a resident and citizen of the State of New Jersey.

72.    Plaintiff James Matthew Morant, Sr is a natural person. At all times relevant hereto, Plaintiff James Matthew Morant, Sr was and is a resident and citizen of the State of Pennsylvania.

73.    Plaintiff Grace Morrell is the surviving spouse of Jack H. Morrell, deceased, and the Representative of the Estate of Jack H. Morrell, deceased, and brings this action for individual claims, including the claims for the wrongful death of Jack H. Morrell and the claims of the estate. At all times relevant hereto, Plaintiff Grace Morrell and Decedent Jack H. Morrell were residents and citizens of the State of Alabama.

74.    Plaintiff Christina Moses is the surviving daughter of Arthur D. Evarts deceased, and the Representative of the Estate of Arthur D. Evarts, deceased, and brings this action for individual claims, including the claims for the injuries of Arthur D. Evarts and the

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

claims of the estate. At all times relevant hereto, Plaintiff Christina Moses and Decedent Arthur D. Evarts were residents and citizens of the State of New York.

75.    Plaintiff Margaret Mulvey is a natural person. At all times relevant hereto, Plaintiff Margaret Mulvey was and is a resident and citizen of the State of New Jersey.

76.    Plaintiff Kathryn D. Nard is the surviving spouse of Thomas Alan Nard, deceased, and the Representative of the Estate of Thomas Alan Nard, deceased, and brings this action for individual claims, including the claims for the wrongful death of Thomas Alan Nard and the claims of the estate. At all times relevant hereto, Plaintiff Kathryn D. Nard and Decedent Thomas Alan Nard were residents and citizens of the State of Alabama.

77.    Plaintiff Richard Netzel is a natural person. At all times relevant hereto, Plaintiff Richard Netzel was and is a resident and citizen of the State of Arizona.

78.    Plaintiff Hazel I. Olson is the surviving spouse of Emmett Lester Olson, deceased, and the Representative of the Estate of Emmett Lester Olson, deceased, and brings this action for individual claims, including the claims for the wrongful death of Emmett Lester Olson and the claims of the estate. At all times relevant hereto, Plaintiff Hazel I. Olson and Decedent Emmett Lester Olson were residents and citizens of the State of Wyoming.

79.    Plaintiff Gay Pierce is a natural person. At all times relevant hereto, Plaintiff Gay Pierce was and is a resident and citizen of the State of California.

80.    Plaintiff David William Pieri is a natural person. At all times relevant hereto, Plaintiff David William Pieri was and is a resident and citizen of the State of Colorado.

81.    Plaintiff Jack Wayne Prescott is a natural person. At all times relevant hereto, Plaintiff Jack Wayne Prescott was and is a resident and citizen of the State of Louisiana.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

82.    Plaintiff Rayford Presley is a natural person. At all times relevant hereto, Plaintiff Rayford Presley was and is a resident and citizen of the State of Texas.

83.    Plaintiff Carol Purtz is a natural person. At all times relevant hereto, Plaintiff Carol Purtz was and is a resident and citizen of the State of New Jersey.

84.    Plaintiff Thomas J. Quigley is a natural person. At all times relevant hereto, Plaintiff Thomas J. Quigley was and is a resident and citizen of the State of Virginia.

85.    Plaintiff Marianna Rhea is a natural person. At all times relevant hereto, Plaintiff Marianna Rhea was and is a resident and citizen of the State of Oklahoma.

86.    Plaintiff John Arthur Richey is a natural person. At all times relevant hereto, Plaintiff John Arthur Richey was and is a resident and citizen of the State of Indiana.

87.    Plaintiff George Riegert is a natural person. At all times relevant hereto, Plaintiff George Riegert was and is a resident and citizen of the State of New York.

88.    Plaintiff Peggy Roach is the surviving spouse of Raymond L. Roach deceased, and the Representative of the Estate of Raymond L. Roach, deceased, and brings this action for individual claims, including the claims for the injuries of Raymond L. Roach and the claims of the estate. At all times relevant hereto, Plaintiff Peggy Roach and Decedent Raymond L. Roach were residents and citizens of the State of Tennessee.

89.    Plaintiff Clara Robinson is a natural person. At all times relevant hereto, Plaintiff Clara Robinson was and is a resident and citizen of the State of Louisiana.

90.    Plaintiff Michael Bernard Roney is a natural person. At all times relevant hereto, Plaintiff Michael Bernard Roney was and is a resident and citizen of the State of Kentucky.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

91.     Plaintiff John Berrul Rose, Jr. is a natural person. At all times relevant hereto, Plaintiff John Berrul Rose, Jr. was and is a resident and citizen of the State of Ohio.

92.     Plaintiff Caroline Rowland is a natural person. At all times relevant hereto, Plaintiff Caroline Rowland was and is a resident and citizen of the State of Maryland.

93.     Plaintiff Barbara Kay Seidl is a natural person. At all times relevant hereto, Plaintiff Barbara Kay Seidl was and is a resident and citizen of the State of Nebraska.

94.     Plaintiff Beverly Smith is a natural person. At all times relevant hereto, Plaintiff Beverly Smith was and is a resident and citizen of the State of Georgia.

95.     Plaintiff Catherine R. Spinner is a natural person. At all times relevant hereto, Plaintiff Catherine R. Spinner was and is a resident and citizen of the State of Pennsylvania.

96.     Plaintiff Amy Sutton is the surviving sister of Kike Willis deceased, and the Representative of the Estate of Kike Willis, deceased, and brings this action for individual claims, including the claims for the injuries of Kike Willis and the claims of the estate. At all times relevant hereto, Plaintiff Amy Sutton and Decedent Kike Willis were residents and citizens of the State of North Carolina.

97.     Plaintiff Mary J. Sutton is the surviving spouse of Richard Daniel Sutton, deceased, and the Representative of the Estate of Richard Daniel Sutton, deceased, and brings this action for individual claims, including the claims for the wrongful death of Richard Daniel Sutton and the claims of the estate. At all times relevant hereto, Plaintiff Mary J. Sutton and Decedent Richard Daniel Sutton were residents and citizens of the State of Indiana.

98.     Plaintiff Barbara Ann Tatar is a natural person. At all times relevant hereto, Plaintiff Barbara Ann Tatar was and is a resident and citizen of the State of Arkansas.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

99.    Plaintiff Virgil Dean Turner is a natural person. At all times relevant hereto, Plaintiff Virgil Dean Turner was and is a resident and citizen of the State of Texas.

100.    Plaintiff Dorothy Jean Underwood is a natural person. At all times relevant hereto, Plaintiff Dorothy Jean Underwood was and is a resident and citizen of the State of Alabama.

101.    Plaintiff Mark Wainwright is a natural person. At all times relevant hereto, Plaintiff Mark Wainwright was and is a resident and citizen of the State of Florida.

102.    Plaintiff Mary L. Webb is a natural person. At all times relevant hereto, Plaintiff Mary L. Webb was and is a resident and citizen of the State of Georgia.

103.    Plaintiff Paul Williams is a natural person. At all times relevant hereto, Plaintiff Paul Williams was and is a resident and citizen of the State of Pennsylvania.

104.    Plaintiff Ernestine Pope Williams is a natural person. At the time of the events giving rise to this action, Plaintiff Ernestine Pope Williams was a resident and citizen of the State of California. Currently, Plaintiff Ernestine Pope Williams is a resident and citizen of the State of Colorado.

105.    Plaintiff Alexander Williams is a natural person. At all times relevant hereto, Plaintiff Alexander Williams was and is a resident and citizen of the State of Alabama.

106.    Plaintiff Barbara Wilson is the surviving spouse of Harold L. Wilson deceased, and the Representative of the Estate of Harold L. Wilson, deceased, and brings this action for individual claims, including the claims for the injuries and wrongful death of Harold L. Wilson and the claims of the estate. At all times relevant hereto, Plaintiff Barbara Wilson and Decedent Harold L. Wilson were residents and citizens of the State of Ohio.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

107. As a direct result of being prescribed Pradaxa®, Plaintiffs suffered severe mental anguish, as well as physical pain and suffering as a result of their exposure to Pradaxa®.

## DEFENDANTS:

108. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") is a Delaware Corporation which has its principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877. BIPI may be served at CT Corporation System, 120 South Central Ave, Clayton, Missouri 63105. BIPI has conducted business and derived substantial revenue from within the State of Missouri.

109. Defendant Boehringer Ingelheim International GmbH ("BII") is a German corporation, with its worldwide corporate headquarters located at Binger Str. 173, 55216 Ingelheim, Germany. BII is the corporate parent of Defendant BIPI, and may be served through the Hague Convention. BII has conducted business and derived substantial revenue from within the State of Missouri.

110. Defendant BIPI and Defendant BII may be referred to collectively in this Complaint as "Boehringer".

## JURISDICTION AND VENUE

111. There is no federal subject matter jurisdiction because no federal question is raised. Additionally, Defendant BIPI is incorporated in the State of Delaware and has its principal places of business in Connecticut, the same state of which Plaintiffs JoAnn Arndt and Florence Cascia are citizens. As such, there is a lack of complete diversity among the parties. Moreover, Plaintiffs' Petition does not constitute a "mass action" under 28 U.S.C. § 1332(d)(11)(B)(i) because there are fewer than 100 Plaintiffs named herein, and Plaintiffs explicitly deny and disclaim any intent or proposal under which

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

Plaintiffs' claims would be tried jointly with those of any other Plaintiffs. Plaintiffs herein further explicitly deny and disclaim any intent or proposal to join or consolidate the claims of the Plaintiffs herein with the claims of any other Plaintiffs who might have brought or may bring in the future any claims against these Defendants arising out of Pradaxa® use and injuries caused thereby.

112. Jurisdiction is proper here in that Defendants do business in the State of Missouri and committed torts in whole or in part against Plaintiffs in Missouri. Defendants marketed, promoted and sold Pradaxa® throughout the United States, including the City of St. Louis, Missouri.

113. Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has in personam jurisdiction over Defendants because Defendants transact substantial and continuous business in Missouri, and has a registered agent within the state of Missouri. Defendants are present in the State of Missouri such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

114. Plaintiffs are informed and believe that, at all times material to this action, Defendants and/or one of their wholly owned divisions engaged in business in the State of Missouri. Defendants directly or indirectly, negligently and/or defectively made, created, designed, developed, manufactured, assembled, tested, labeled, supplied, packaged, distributed, promoted, marketed, advertised, warned, and/or sold in interstate commerce, in the State of Missouri, its prescription drug Pradaxa®. Defendants reasonably expected that Pradaxa® would be sold and consumed in the State of Missouri. Because Defendants regularly conducted business in the State of Missouri, received substantial revenues from

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

the State of Missouri and/or distributed products in the State of Missouri, Defendants are subject to suit in the State of Missouri.

115.   This Court has personal jurisdiction over Defendants pursuant to and consistent with RSMo. §§ 407.025, 506.500, and the Constitutional requirements of Due Process in that Defendants, acting through their apparent agents, committed one or more of the following acts:

   a.   Defendants transacted business in the State of Missouri.  RSMo. § 506.500.1(1);

   b.   Defendants made or performed a contract or promise substantially connected with/or within the State of Missouri.  RSMo. § 506.500.1(2);

   c.   Defendants committed and conspired to commit a tortious act within the State of Missouri.  RSMo. § 506.500.1(3);

   d.   Defendants owned, used or possessed real estate situated in the State of Missouri. RSMo. § 506.500.1(4);

   e.   At all relevant times, it was foreseeable to Defendants that their tortious acts and/or their transaction of business in the State of Missouri would have consequences such that Defendants could reasonably foresee being hailed into Court in the State of Missouri;

   f.   Requiring Defendants to litigate this claim in Missouri does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

116.   Venue is proper in this Court pursuant to Mo. Rev. Stat § 508.010.4 because Decedent John Glandt, whose claim is brought by Plaintiff Janet Adkirson, was first injured to Pradaxa® in the county of St. Louis City, Missouri.

117.   The claims in this case present common questions of fact and law concerning, among other things, what information Defendants possessed concerning the harmful effects of Pradaxa®, what information they disclosed to physicians and patients about those harmful effects, and what information Defendants were required by law to disclose about

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

those effects.  Plaintiffs herein are properly joined pursuant to the Missouri rule on permissive joinder, Missouri Rule of Civil Procedure 52.05(a).  Plaintiffs' claims are logically related in that all Plaintiffs claim that Pradaxa® was defectively designed, manufactured and marketed by Defendants and that Defendants failed to provide appropriate warnings and instructions regarding the dangers posed by Pradaxa®.  All Plaintiffs suffered similar injuries as a result of using Pradaxa®.  Defendants' wrongful conduct, which resulted in Plaintiffs' injuries, is common to all Plaintiffs and includes, but is not limited to, Defendants' failure to conduct adequate safety and efficacy studies, Defendants' submissions to the United States Food and Drug Administration ("FDA"), Defendants' marketing materials and literature distributed to physicians and patients, and the lack of adequate warnings provided to physicians and patients.  Defendants' conduct in designing, developing, marketing, and distributing Pradaxa® relates to all Plaintiffs herein and makes up a common universe of facts underlying Plaintiffs' claims, such that Plaintiffs' claims against Defendants arise from the same transaction or occurrence or the same series of transactions or occurrences.  Because Decedent John Glandt was first injured in the county of St. Louis City, Missouri, and his estate's claims are properly joined with all other Plaintiffs' claims, venue is proper for all Plaintiffs.

## **<u>TOLLING OF APPLICABLE STATUTE OF LIMITATIONS</u>**

118.  The running of any statute of limitation has been tolled by reason of the Defendants' fraudulent conduct.  Defendants' fraudulent conduct. Defendants, through their affirmative misrepresentations and omissions, actively concealed from the Plaintiffs, the public, and prescribing physicians the true risks associated with taking Pradaxa®.

119.  As a result of the Defendants' actions, the Plaintiffs and Plaintiffs' prescribing

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

physicians were unaware, and could not reasonably have known or have learned through reasonable diligence, that the Plaintiffs had been exposed to the risks alleged herein and that those risks were the direct and proximate result of the Defendant's acts and omission.

## CLAIMS FOR RELIEF

## COUNT I
## STRICT LIABILITY - FAILURE TO WARN

120.  Plaintiffs incorporate by reference all preceding paragraphs and all of the factual allegations contained therein.

121.  Defendants are liable under the theory of strict products liability in that the Defendants were at all times relevant to this action engaged in the business of designing, manufacturing, testing, marketing, and placing into the stream of commerce pharmaceuticals such as Pradaxa® for sale to, and use by, members of the public.  The evidence will establish the Pradaxa® manufactured by Defendants was defectively designed and marketed and the defects which caused Plaintiffs' injuries and/or deaths death existed at the time the drug was released into the stream of commerce by these Defendants.

122.  The evidence will establish that Defendants knew or should have known the warnings and other information distributed with regard to the use of Pradaxa® were inadequate in at least the following ways:

   a.  Defendants failed to warn that Pradaxa® results in a higher rate of gastrointestinal bleeds than other oral anticoagulants, and that the ingestion of Pradaxa® results in a higher rate of life threatening bleeds than the strokes and systemic embolisms Pradaxa® is intended to prevent.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

b.  Prior to 2012, Defendants failed to warn that Pradaxa®-induced bleeds are irreversible and that there is no available reversal agent in the *"Warnings and Precautions"* section of the product label.  Until January 2012, the language noting that the bleeds are irreversible and that there is no available reversal agent was buried in obscure, confusing, and inadequate wording located in the *"Overdosage"* portion of the product label.

c.  Despite moving the above information to the *"Warnings and Precautions"* section of the product label in January 2012, Defendants failed at all times to inform physicians that they actually had developed a reversal agent for Pradaxa®-induced bleeds prior to the time Pradaxa® was approved for sale in the United States, but that they failed to seek approval of said reversal agent from the FDA until February 19, 2015, the date on which Defendants submitted their Pradaxa® reversal agent to the FDA for "Accelerated Approval" as provided by 21 CFR 601.41.  The FDA approved Defendants' reversal agent, called Praxbind®, on October 16, 2015, less than eight (8) months after Defendants submitted it for FDA approval.

d.  Defendants failed to warn that there is no accurate test to monitor the level of Pradaxa® in a patient's blood despite the fact that Pradaxa® has a narrow therapeutic window and is only effective if dosed properly for each individual patient.  If the patient has too high a dose of Pradaxa they are at increased risk of suffering a life-threatening bleed, and if the patient has too low a dose of Pradaxa they are at increased risk of suffering a thromboembolic injury.

e.  Defendants failed to warn physicians that there are a group of individuals known as "super absorbers" who, because they suffer some degree of renal insufficiency

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

and for other unknown reasons, cannot eliminate Pradaxa® from their body at the same rate as non-super absorbers.  Defendants are aware that approximately ten percent of those individuals to whom Pradaxa® is prescribed are "super absorbers." Notwithstanding the knowledge of their existence of that condition, and their knowledge of the serious and sometimes fatal risks associated with that condition, Defendants at all times have marketed Pradaxa® to all patients with no warning whatsoever regarding the fact that ten percent of patients who take Pradaxa® are exposed to a much greater risk of uncontrolled bleeding than other individuals.

123. As a result of Defendants failure to warn physicians of the above, neither Plaintiffs nor their physicians received adequate warnings relative to the risks associated with the use of Pradaxa®. Plaintiffs' physicians would not have prescribed Pradaxa® had they been aware of the risks associated with the drug, and Plaintiffs would not have ingested Pradaxa® had they been aware of these risks. The evidence will establish that such defects were a producing and/or proximate cause of Plaintiffs' injuries and/or deaths.

124. Defendants knew or should have known that consumers such as Plaintiffs would needlessly suffer injury and/or death as a result of Defendants' failures.

125. The evidence will establish that these Defendants failed, throughout the time Pradaxa® has been on the market, to provide timely and adequate warnings to physicians, pharmacies, and consumers, including Plaintiffs and their intermediary physicians, regarding the true risks associated with the use of Pradaxa®.

## COUNT II
## STRICT LIABILITY
## DESIGN DEFECT, MARKETING DEFECT
## & CONSTRUCTION OR COMPOSITION DEFECT

126.   Plaintiffs hereby incorporate by reference all preceding paragraphs and all factual allegations contained therein.

127.   Pradaxa® was unreasonably defective in design and marketing, considering the utility of the product and the risk involved in its use. As designed and marketed, the risks of bleeding associated with the use of Pradaxa® greatly outweighed its benefits, if any.

128.   Pradaxa® is defective in design or formulation for a myriad of reasons including, but not limited to:

   a.   It causes a higher rate of life threatening bleeds than the strokes or systemic embolisms it is intended to prevent;

   b.   Its harmful effects cannot be minimized through the administration of Vitamin K or any other antidote[1];

   c.   It leads to a higher rate of major gastrointestinal bleeds as compared to other oral anticoagulants on the market;

   d.   It does not provide for patient-specific dosing, despite Defendants' knowledge that patients eliminate Pradaxa® from their bodies at different rates, and their knowledge that approximately ten percent of patients are "super absorbers" who eliminate Pradaxa® from their bodies slower than other patients;

   e.   There is no accurate test to monitor the level of Pradaxa® in a patient's blood despite the fact that Pradaxa® has a narrow therapeutic window and is only effective if dosed properly for each individual patient; and

   f.   Despite having actually had developed a reversal agent for Pradaxa®-induced bleeds prior to the time Pradaxa® was approved for sale in the United States, Defendants failed to seek approval of said reversal agent from the FDA until February 19, 2015, the date on which Defendants submitted their Pradaxa® reversal agent to the FDA for "Accelerated Approval" as provided by 21 CFR 601.41.

_____

[1] Plaintiffs note that Defendants' reversal agent, Praxbind®, was approved on October 16, 2015, which was well after the dates on which Plaintiffs suffered their Pradaxa®-induced bleeds.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

      g.    Pradaxa was not accompanied by adequate warnings and information regarding its very real dangers.

129.  For the reasons described above, Pradaxa® was defective in design or formulation in that when it was placed in the stream of commerce by Defendants, it was unreasonably dangerous to an extent beyond that which could reasonably be contemplated by Plaintiffs or their physicians. The evidence will establish that any benefit of this drug was outweighed by the serious and undisclosed risks of its use when prescribed and used in the manner intended by Defendants herein.

130.  The evidence will establish that the defective and unreasonably dangerous design and marketing of Pradaxa® was a direct, proximate and producing cause of Plaintiffs' injuries and/or deaths and related damages. Plaintiffs suffered gastrointestinal or other internal bleeding as a direct result of their ingestion of Pradaxa® - a medication promoted by Defendants as reducing his/her risk of suffering a life threatening stroke or embolism. Pursuant to the provisions of the Restatement (Second) of Torts, Defendants are liable to Plaintiff for all damages claimed in this case, including punitive damages.

## COUNT III
## NEGLIGENCE

131.  Plaintiffs hereby incorporate by reference all preceding paragraphs and all factual allegations contained therein.

132.  Defendants owed a duty to Plaintiffs to exercise reasonable care in the design, development, manufacture, promotion, sale, marketing and distribution of Pradaxa®. Defendants breached that duty since Pradaxa®, as designed, is capable of causing serious personal injuries and death. Defendants also failed to exercise reasonable care in the

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

marketing of Pradaxa® in that they failed to warn that Pradaxa®, as designed, was capable of causing serious personal injuries and death.

133.    Defendants breached their duty and were negligent by, but not limited to, the following actions, misrepresentations, and omissions toward Plaintiffs:

    a.    Failing to use due care in developing, testing, designing and manufacturing Pradaxa®.

    b.    Failing to accompany their product with proper, adequate warnings and labeling regarding adverse side effects and health risks associated with the use of Pradaxa®.

    c.    In providing information to Plaintiffs' physicians that was negligently and materially inaccurate, misleading, false, and unreasonably dangerous to patients such as Plaintiffs.

    d.    Failing to provide warnings and other information that accurately reflected the symptoms, scope and severity of the side effects and health risks, such as Pradaxa®-induced bleed.

    e.    Failing to conduct such testing and post-marketing surveillance as would have been conducted by reasonable and prudent drug manufacturer acting under the same or similar circumstances.

    f.    Failing to remove Pradaxa® from the market when Defendants knew or should have known of the likelihood of serious side effects, injury and death to its users.

    g.    Failing to adequately warn users, consumers and physicians about the severity, scope and likelihood of bleeds and related dangerous conditions to individuals taking Pradaxa®.

    h.    Failing to adequately and clearly warn that Pradaxa® induced bleeds are irreversible and have no antidote in the *"Warnings and Precautions"* section of the product label until January 2012.

    i.    Burying the fact that there is no antidote for Pradaxa® in obscure, confusing and inadequate language contained in the *"Overdosage"* section of the product label until January 2012.

    j.    Representing to physicians, including Plaintiff's prescribing physicians, that this drug was safe and effective for use.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

k.    Failing to provide for patient-specific dosing, despite Defendants' knowledge that patients eliminate Pradaxa® from their bodies at different rates, and their knowledge that approximately ten percent of patients are "super absorbers" who eliminate Pradaxa® from their bodies slower than other patients.

l.    Failing to seek approval of said reversal agent from the FDA until February 19, 2015, despite having actually had developed a reversal agent for Pradaxa®-induced bleeds prior to the time Pradaxa® was approved for sale in the United States.

m.    Failing to provide physicians and patients with an accurate test to monitor the level of Pradaxa® in a patient's blood despite the fact that Pradaxa® has a narrow therapeutic window and is only effective if dosed properly for each individual patient.

134.    The Pradaxa® that injured Plaintiffs was in substantially the same condition when they ingested it as it was in when it left the control of Defendants, and Plaintiffs consumed the Pradaxa® as directed and without change in its form or substance.

135.    The evidence will establish that such failures were a proximate cause of the injuries and damages to Plaintiffs herein.

136.    Plaintiffs seek all damages to which they may be justly entitled.

## COUNT IV
## BREACH OF IMPLIED WARRANTY

137.    Plaintiffs incorporate by reference all preceding paragraphs and all factual allegations contained therein.

138.    Defendants designed, manufactured, marketed, distributed, supplied and sold Pradaxa® for the treatment of atrial fibrillation.

139.    At the time that Defendants manufactured, marketed, distributed, supplied and sold Pradaxa®, they knew of the use for which the subject product was intended and impliedly warranted it to be merchantable quality and safe and fit for such use.

140.   The Plaintiffs, individually and through their prescribing physicians, reasonably relied upon the skill, superior knowledge and judgment of Defendants.

141.   The Plaintiffs were prescribed, purchased and used Pradaxa® for its intended purpose.

142.   Due to the Defendants' wrongful conduct as alleged herein, the Plaintiffs could not have known about the nature of the risks and side effects associated with the subject product until after they used it.

143.   Contrary to the implied warranty for the subject product, Pradaxa® was not of merchantable quality, and was not safe or fit for its intended uses and purposes, as alleged herein.

144.   As a direct and proximate result of Defendants' breach of implied warranty, the Plaintiffs suffered severe and permanent physical injuries which are continuing in nature.

145.   Plaintiffs seek all damages to which they may be justly entitled.

## COUNT V
## BREACH OF EXPRESS WARRANTY

146.   Plaintiffs incorporate by reference all preceding paragraphs and all factual allegations contained therein.

147.   At all times hereinafter mentioned, upon information and belief, Defendants, by direct and indirect advertising, marketing and promoting Pradaxa® for the treatment of atrial fibrillation, and by placing this drug in the stream of commerce knowing that Pradaxa® would be prescribed for the treatment of atrial fibrillation in reliance upon the representations of Defendants, expressly warranted to all foreseeable users of this drug, including the Plaintiffs, that Pradaxa® was safe and effective for the treatment of atrial fibrillation.

148.   At all times hereinafter mentioned, Plaintiffs relied upon the aforesaid express and implied warranties by Defendants.

149.   At all times hereinafter mentioned, Plaintiffs' use of Pradaxa® prior to and up to the time of the above-described incidents was consistent with the purposes for which Defendants directly and indirectly advertised, marketed and promoted Pradaxa®, and Plaintiffs' use of Pradaxa® was reasonably contemplated, intended and foreseen by Defendants at the time of the distribution and sale of Pradaxa® by Defendants, and, therefore, Plaintiffs' use of Pradaxa® was within the scope of the above-described express and implied warranties.

150.   Defendants breached the aforesaid express and implied warranties because Pradaxa® was not safe and effective for the treatment of atrial fibrillation, and because Plaintiffs' use of Pradaxa® for the treatment of atrial fibrillation caused or contributed their injuries described herein.

151.   As a direct and proximate result of Defendants breach of express warranty, the Plaintiffs suffered severe and permanent physical injuries which are continuing in nature.

152.   Plaintiffs seek all damages to which they may be justly entitled.

## COUNT VI
## MISREPRESENTATION

153.   Plaintiffs incorporate by reference all preceding paragraphs and all factual allegations contained therein.

154.   Defendants made material representations which were false, knowing that such representations were false and/or with reckless disregard for the truth or falsity of such representations, with the intent that Plaintiffs and their physicians would rely on such material representations. Plaintiffs and their physicians acted in actual and justifiable

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

reliance on such material misrepresentations, and that Plaintiffs were seriously injured as a result thereof.

155. In addition, and in the alternative if necessary, Defendants withheld relevant and material information regarding the true risks associated with the use of Pradaxa®, with the intent that Plaintiffs and their physicians would rely on Defendants' misrepresentations. The evidence will establish that Plaintiffs and their physicians acted in actual and justifiable reliance on Defendants' representations, and that Plaintiffs were injured as a result thereof.

156. Defendants made these misrepresentations at a time when the Defendants knew, or should have known, that Pradaxa® had defects, dangers, and characteristics that were other than those Defendants represented to patients and the healthcare industry generally. Specifically, Defendants misrepresented to and/or actively concealed from Plaintiffs and their physicians information pertaining to the risk of developing irreversible and potentially fatal bleeds and life-threatening conditions.

157. Defendants perpetuated the misrepresentations and/or active concealments alleged herein, directly and/or indirectly. Defendants knew or should have known these representations were false and made the representations with the intent or purpose that Plaintiffs and their physicians would rely on them, leading to the use of Pradaxa®.

158. At the time of Defendants' fraudulent misrepresentations, Plaintiffs and their physicians were unaware of the falsity of the statements being made and believed them to be true. Plaintiffs and their physicians had no knowledge of the information concealed and/or suppressed by Defendants, and they justifiably relied on and/or were induced by these misrepresentations, and relied on the absence of real safety information to Plaintiffs'

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

detriment. Such misrepresentations were a direct and proximate cause of Plaintiffs' injuries.

## COUNT VII
## UNJUST ENRICHMENT

159.  Plaintiffs incorporate by reference all preceding paragraphs and all factual allegations contained therein.

160.  As an intended and expected result of its conscious wrongdoing, Defendants have profited and benefited from the sales of Pradaxa® to Plaintiffs and the public.

161.  Defendants have voluntarily accepted and retained these profits and benefits, derived from the Plaintiffs and others, with full knowledge and awareness that, as a result of Defendants' fraud and other conscious and intentional wrongdoing, Plaintiffs did not receive a product of the quality, nature or fitness that had been represented by Defendants or that Plaintiffs, as reasonable consumers, expected.

162.  By virtue of the conscious wrongdoing alleged in this complaint, Defendants have been unjustly enriched at the expense of the Plaintiffs, who are entitled to in equity, and hereby seek the disgorgement and restitution of Defendants' wrongful profits, revenue and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as this Court deems just and proper to remedy the Defendants' unjust enrichment.

## COUNT VIII
## GROSS NEGLIGENCE

163.  Plaintiffs incorporate by reference all preceding paragraphs and all factual allegations contained therein.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

164. Plaintiffs further show the negligent acts and/or omissions of Defendants, as set forth above, constitute an entire want of care and conscious indifference and/or malice so as to give rise to the award of exemplary damages.

165. Plaintiff show that the negligent acts and/or omissions of Defendants, as set forth above, constitute acts or omissions:

    a. Which, when viewed objectively from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs, and

    b. Of which Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs.

166. The gross negligence of the Defendants was a proximate cause of the injuries, damages, and deaths suffered by Plaintiff.

## COUNT IX
## DAMAGES

167. Plaintiffs incorporate by reference all preceding paragraphs and all factual allegations contained therein.

168. As a result of the above-described acts and omissions of these Defendants, Plaintiffs have incurred actual damages in excess the jurisdictional limit of this Court including, but not limited to:

    a.    Reasonable and necessary medical expenses incurred in the past;

    b.    Conscious physical pain and suffering experienced in the past;

    c.    Mental anguish in the past;

    d.    Mental anguish likely to be experienced in the future;

    e.    Wrongful death;

    f.    Post-judgment interest at the lawful rate;

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

g.      Exemplary damages;

h.      Such other applicable damages, as the Court deems appropriate.

## PUNITIVE DAMAGES

169.  Plaintiffs incorporate by reference all preceding paragraphs and all factual allegations contained therein.

170.  Defendants' conduct, as described above, was extreme and outrageous.  Defendants risked the lives of consumers and users of their product, including Plaintiffs, with full knowledge of Pradaxa®'s true safety and efficacy and suppressed this knowledge from the general public.  Defendants made conscious decisions not to redesign, re-label, warn or inform the unsuspecting consuming public.

171.  Defendants' conduct was intentional and/or wanton.

172.  Defendants conduct as described above, including, but not limited to, its failure to adequately test the product, to provide adequate warnings, and its continued manufacture, sale, and marketing or the product when it knew or should have known of the serious health risks created, was intentional, willful wanton, oppressive, malicious, and reckless, evidencing such an entire want of care as to raise the presumption of a conscious indifference to the consequences in that Defendants acted only out of self-interest and personal gain.  Such conduct evidences a specific intent to cause harm to Plaintiffs. Accordingly, punitive damages should be imposed against Defendants to punish and deter Defendant from repeating or continuing such unlawful conduct.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

## **PRAYER**

WHEREFORE, Plaintiffs pray that upon final determination of these causes of action, Plaintiffs receives a judgment against the Defendants as follows:

(a) That process issue according to law;

(b) That Defendants be served with a copy of Plaintiffs' Complaint For Damages and show cause why the prayers for relief requested by Plaintiffs herein should not be granted;

(c) That Plaintiffs be granted a **trial by jury** in this matter;

(d) That the Court enter a judgment against Defendants for all general and compensatory damages allowable to Plaintiffs;

(e) That the Court enter a judgment against Defendants for all special damages allowable to Plaintiffs;

(f) That the Court enter a judgment against Defendants serving to award Plaintiffs punitive damages;

(g) That the Court enter a judgment against Defendants for all other relief sought by Plaintiffs under this Complaint;

(h) That the costs of this action be cast upon Defendants; and

(i) That the Court grant Plaintiffs such further relief which the Court deems just and appropriate.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Electronically Filed - City of St. Louis - April 13, 2016 - 11:00 AM

DATED: April 13, 2016          Pra          Respectfully submitted,

CAREY DANIS & LOWE

By:      /s/ Jeffrey J. Lowe_____
Jeffrey J. Lowe, Esq. #35114MO
John F. Garvey, Jr.  #35879MO
Sarah Shoemake Doles #45747MO
8235 Forsyth Boulevard, Suite 1100
Clayton, Missouri 63105
jlowe@careydanis.com
jgarvey@careydanis.com
sdoles@careydanis.com
(314) 725-7700
(314) 721-0905 (facsimile)

THE GALLAGHER LAW FIRM, LLP

/ s/ Michael T. Gallagher_____
Michael T. Gallagher # 07586000TX
2905 Sackett Street
Houston, Texas 77098
(713) 222-8080
pamm@gld-law.com

CHILDERS, SCHLUETER & SMITH, LLC

/s/ C. Andrew Childers_____
C. Andrew Childers #124398GA
1932 N. Druid Hills Road, Suite 100
Atlanta, Georgia 30319
(404) 419-9500 - phone
(404) 419-9501 - facsimile
achilders@cssfirm.com

NEMEROFF LAW FIRM

/s/ Ellen A. Presby
Ellen A. Presby #16249600TX
2626 Cole Ave., Suite 450
Dallas, TX 75204
(214) 774-2258
(214) 393-7897 Fax
EllenPresby@NemeroffLaw.com

**ATTORNEYS FOR PLAINTIFFS**